IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES H. HAIRSTON,             ) | |
| )                                              | |
| Petitioner,        ) | |
| ) | Case No. CV-00-303-S-BLW |
| v.                                         ) | |
| ) | **CAPITAL CASE** |
| DAVE PASKETT, Warden,    ) | |
| Idaho Maximum Security       ) | **MEMORANDUM DECISION** |
| Institution,                              ) | **AND ORDER** |
| ) | |
| Respondent.    ) | |
| _____) | |

## INTRODUCTION

The Court previously dismissed several claims in this capital habeas matter and ordered Petitioner James Hairston to show cause why Claims 21(A), 26, and 28 (in part) in the Second Amended Petition should not also be dismissed as untimely.  (Docket No. 125.)  Hairston has responded to the Court's Order, and Respondent has since withdrawn his statute of limitations argument with respect to Claim 21(A) and the non-defaulted portion of Claim 28.  The only issue still in dispute is whether Claim 26 is timely.  For the reasons that follow, the Court concludes that it is.

**Memorandum Decision and Order - 1**

## DISCUSSION

The 1996 Anti-terrorism and Effective Death Penalty Act includes a one-year statute of limitations for bringing federal habeas actions. 28 U.S.C. § 2244(d). The period generally begins to run at the conclusion of the direct appeal in state court or when the time for filing an appeal has expired. 28 U.S.C. § 2244(d)(1)(A).

In the present case, Hairston's direct appeal became final when the United States Supreme Court denied his Petition for a Writ of Certiorari on May 22, 2000. Hairston filed his original Habeas Corpus Petition in this Court within one year of that date, but he did not include Claim 26–a "denial of adequate resources" claim–as a separate ground for relief until he lodged his Second Amended Petition in January 2007. Hairston nevertheless argues that Claim 26 relates back to the date of the original Petition because he included the same core factual allegations in that pleading. The Court agrees.

An amendment in a civil case will relate back to the date of a timely pleading when the amendment "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." FED. R. CIVIL P. 15(C). In the habeas context, the relevant "transaction, conduct, or occurrence" is not the entire criminal trial or sentencing proceeding. *Mayle v. Felix*, 545 U.S. 644, 662 (2005). Instead, relation back is appropriate only when the amended claim arose

from "the same core facts as the timely filed claims, and not when claims depend on events separated in 'both time and type' from the original raised episodes." *Id.* at 657.

Here, Claim 26 arises from the same core facts that Hairston presented in partial support of a broad ineffective assistance of counsel claim in his original Petition (Claim 21). In that claim, he alleged that "the court refused [his] request for a court funded mitigation specialist to assist him in investigating, gathering and presenting mitigation evidence at the sentencing hearing," depriving him of his rights under the Sixth, Eighth, and Fourteenth Amendments. (Docket No. 23, ¶¶ 214, 216.) He further alleged that had a such a specialist been hired, "mitigation evidence would have been presented to the sentencer which would, to a reasonable likelihood, have persuaded the sentencer that the death sentence was not warranted." (Docket No. 23, ¶ 217.)

In the Second Amended Petition, Hairston repeated these same allegations in his ineffective assistance of counsel claim, ¶¶ 158, 160-161. But he also included Claim 26 as an independent basis for relief, asserting that "the denial of adequate defense experts, including mitigation specialists, deprived [him] of his constitutional rights to such an expert under the Fifth, Sixth, Eighth and Fourteenth Amendments." (Docket No. 99, ¶ 203.)

**Memorandum Decision and Order - 3**

Therefore, it is apparent that the "conduct, transaction, or occurrence" from which these claims arose is the same; that is, the trial court's denial of counsel's request for funds to retain a mitigation specialist. This is so regardless whether the legal theory is based upon the Sixth Amendment right to counsel or the Fourteenth Amendment right to adequate resources for an indigent defendant. The claims share a "common core of operative facts," and relation back is appropriate. *Felix*, 545 U.S. at 662.

Admittedly, Hairston has now added new allegations showing how he was supposedly prejudiced, but the Court finds this to be a permissible amplification of the facts that does not change the conclusion. Hairston alleged in his original Petition that had the trial court authorized funding for a mitigation specialist, "evidence would have been presented to the sentencer which would, to a reasonable likelihood, have persuaded the sentencer that the death sentence was not warranted." (Docket No. 23, ¶ 217.) The new factual allegations add specificity to that assertion of prejudice, but the core basis for relief still arises from the same conduct, transaction, or occurrence. *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (relation back is permissible if the petitioner is "merely seeking to add meat to the bare bones of the numerous grounds he listed in his petition"); *see also Mandacina v. United States*, 328 F.3d 995 (8th Cir. 2003) (an amendment

**Memorandum Decision and Order - 4**

to a *Brady* claim related back to a timely claim, even though the specific report that had been allegedly withheld had not been mentioned in the original pleading). Claim 26 will not be dismissed at this time.[1]

## BRIEFING SCHEDULE

Based on recent experience, the Court has concluded that dividing capital habeas cases, particularly post-AEDPA, into separate phases for the filing of a motion for an evidentiary hearing and briefing on the merits of the non-dismissed claims can result in repetitious legal argument and unnecessary delay. Therefore, the Court will exercise its discretion under Local Rule 9.2(a) and modify the briefing schedule in this case by requiring the simultaneous filing of a motion for an evidentiary hearing or other evidentiary development together with briefing on the merits.

For those claims that Petitioner's counsel believes will require an evidentiary hearing, he should provide briefing on the merits on the current record and indicate, in the alternative, why he believes he is entitled to new factual development. If the Court allows new evidence to be presented on any claims, it will permit supplemental briefing on those claims, if necessary, after the

---

[1] The only issue currently before the Court is whether Claim 26 is timely. The Court expresses no opinion whether Hairston will be permitted to rely on *new evidence* to prove the factual allegations in this proceeding. 28 U.S.C. § 2254(e)(2).

**Memorandum Decision and Order - 5**

evidentiary development has been completed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that no later than 45 days after the entry of this Order, Respondent shall file an Answer to the Second Amended Petition.

IT IS FURTHER ORDERED that no later than 60 days after receiving Respondent's Answer, Petitioner shall submit a brief containing points and authorities on the merits of the non-dismissed habeas claims.  If Respondent raises procedural defenses in his Answer that have not yet been resolved, Petitioner should also addresses those defenses in his brief.  Because of this briefing, a separate traverse will not be necessary.

IT IS FURTHER ORDERED that concurrently with the filing of his brief on the merits, but separately, Petitioner shall file any motions for additional evidentiary development, which may include discovery, expansion of the record, or an evidentiary hearing.  To be entitled to new evidentiary development, Petitioner must meet the standards in 28 U.S.C. § 2254(e)(2), or he must show that the restrictions in the statute are not applicable *and* that he is entitled to develop and present new evidence under ordinary habeas rules.  Generalized motions will be disfavored; to the extent that he can, Petitioner shall identify with specificity the

facts or evidence sought to be discovered, expanded, or presented at an evidentiary hearing, and the claims to which the evidence will apply.

IT IS FURTHER ORDERED that no later than 60 days after receiving Petitioner's brief on the merits, Respondent shall file a responsive brief.  If Petitioner also files a motion for evidentiary development, Respondent shall likewise submit a response within 60 days of receiving the motion.  Petitioner may file a reply, if necessary, within 21 days after receiving a response to a motion.  If the Court determines that additional evidentiary development is necessary on any claims, it will order supplemental briefing on those claims, if necessary, after the development is complete.



DATED:  **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**