Nicole Owens
Executive Director
Jonah J. Horwitz, ID Bar No. 10494
Mary E. Spears, IN Bar No. 27353-49
Assistant Federal Defenders
Federal Defender Services of Idaho
Capital Habeas Unit
702 W. Idaho St., Ste. 900
Boise, ID 83702
Telephone: 208-331-5530
Facsimile: 208-331-5559
ECF: Jonah_Horwitz@fd.org
Mary_Spears@fd.org

Attorneys for Petitioner James H. Hairston

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES H. HAIRSTON, </br></br> Petitioner, </br></br> v. </br></br> TIM RICHARDSON,[1] Warden of the Idaho Maximum Security Institution, Department of Correction, State of Idaho, </br></br> Respondent. | CASE NO. CV-00-303-S-BLW </br></br> CAPITAL CASE </br></br> REPLY IN SUPPORT OF PETITIONER'S MOTION FOR BRIEFING ON *RAMIREZ*[2] [Dkt. 303] |

---

[1] Tim Richardson is the current Warden of the Idaho Maximum Security Institution. https://www.idoc.idaho.gov/content/locations/prisons/idaho_maximum_security_institution. As such, he should be automatically substituted in as respondent in this matter for his predecessor. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022).

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* -** 1

The State seeks to avoid additional briefing on what is undisputedly a landmark decision directly relevant to this capital case. *See* Dkt. 304. Its main argument is that the Court should instead pre-judge the issues in the Attorney General's favor because that path would be more convenient for the State. *See id.* Notwithstanding the State's desire to win without having to address a significant development in the law, the more prudent course is for the Court to elicit briefs on *Ramirez*, so that its ultimate decision is as fully informed and correct as possible in these death-penalty proceedings.

The most problematic feature of the State's response is its tacit presumption that it will get the benefit of *Ramirez*, when there are at a minimum serious grounds to suspect opposing counsel has waived or forfeited the issue, and a need for more briefing on the matter. Forfeiture "is the failure to make the timely assertion of a right" and "waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993).[3] The principles of forfeiture and waiver generally apply to the State's invocation of defenses in federal habeas cases. *See Wood v. Milyard*, 566 U.S. 463, 473–74 (2012). And more specifically, a State may waive its reliance on 28 U.S.C. § 2254(e), which is the provision at issue here. *See Littlejohn v. Trammell*, 704 F.3d 817, 858–59 (10th Cir. 2013).

---

[3] In this reply, unless otherwise noted, all internal quotation marks, citations, and alterations are omitted, and all emphasis is added.

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 2**

Here, it seems that the State did not articulate the *Ramirez* theory in the relevant pleadings, despite a clear opportunity to do so.  Most critically, the State did not do so in its response to Mr. Hairston's opening brief on *Martinez*[4] after the most recent remand.  *See* Dkt. 277.  It was silent even though Mr. Hairston himself addressed the matter in his opening brief, contending that § 2254(e)(2) "and its diligence requirement" did not apply in the *Martinez* context.  Dkt. 258 at 60.  The timing of the State's omission is also notable, since its answering brief was filed two months after eight Ninth Circuit judges published a lengthy dissent from the denial of rehearing en banc in *Ramirez*, thereby highlighting the question in a manner that could not have been more visible to a habeas specialist practicing in the Pacific Northwest.  *See Ramirez v. Shinn*, 971 F.3d 1116, 1116 (9th Cir. 2020) (Collins, J., dissenting) (criticizing the majority for "creating a new judge-made exception to . . . the use of new evidence in habeas corpus proceedings" under § 2254(e)(2)).  There is no doubt that the State was aware of the issue, since it actually referenced the matter in the response brief, citing an unpublished opinion that rejected the argument that "28 U.S.C. § 2254(e)(2) required [ineffectiveness] claims to be decided solely on the state court record."  Dkt. 277 at 60.  Yet still the State did not itself make the argument.

Since the theory was plainly available and known by the State, a plausible case could be made that it was waived.  An even stronger case could be made that

---

[4] *Martinez v. Ryan*, 566 U.S. 1 (2012).

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 3**

it was forfeited, as it was certainly not advanced in a timely fashion. Courts are forbidden from reaching a waived argument. *See Day v. McDonough*, 547 U.S. 198, 202, 210 n.11 (2006). Forfeitures can be excused, but only if certain conditions are met. *See In re Enewally*, 368 F.3d 1165, 1173 (9th Cir. 2004). Considering the real prospect of a forfeiture or a waiver, full briefing on *Ramirez* is even more appropriate, so the question can be fleshed out. Such briefs would allow Mr. Hairston to delve deeper into the lengthy procedural history of the case, and would allow the State to respond to the prospect of a waiver or forfeiture and, if it wished, make an argument as to why any forfeiture ought to be overlooked. In all events, it would not be appropriate for the Court to simply take it for granted that the State should get a litigation advantage from *Ramirez* when it has made no showing in the way of preservation.

An additional reason for the Court to avoid the hasty and unbriefed *Ramirez* decision proposed by the State is Mr. Hairston's recent request for a *Rhines*[5] stay. On July 19, 2022, Mr. Hairston filed a motion asking the Court to stay his federal habeas proceedings until his ongoing state post-conviction litigation concludes. *See* Dkt. 307. In the post-conviction petition, Mr. Hairston has presented the evidence upon which he had been relying for his *Martinez* arguments in federal court until *Ramirez* was decided. *See* Dkt. 307-2. The question of how *Ramirez* impacts this

---

[5] *Rhines v. Weber*, 544 U.S. 269 (2005).

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 4**

case is obviously and deeply entangled with the question of whether a *Rhines* stay is warranted. It is most prudent to wait until the *Rhines* stay is fully briefed, and until the parties have also fully presented their arguments on *Ramirez*, before the Court determines how it will resolve this challenging and interrelated set of issues.

Setting those difficulties aside, the State's position is also substantively meritless. The State opposes any additional briefing whatsoever on the ground that the Court *can* resolve the case by rejecting Mr. Hairston's claims under the interpretation of *Martinez* that prevailed even before *Ramirez* was decided. *See* Dkt. 304 at 11. But if that were the test, no new authority would ever be briefed, since it's always possible for the Court to rule against a party based on the pre-existing law. The State's view is essentially that the Court should just assume at the outset that the Attorney General will win. Such an approach is inconsistent with the Court's sound practice of routinely calling for briefing on important new precedents. *See, e.g.*, *United States v. CDS, P.A.*, No. 4:14-cv-301, 2018 WL 2745902, at *2 (D. Idaho June 7, 2018); *Persky v. United States*, No. 2:13-cv-541, 2016 WL 4592190, at *1 (D. Idaho Sept. 1, 2016), *cert. of app. denied by* 2017 WL 4570525 (9th Cir. 2017) (per curiam); *Ngabirano v. Wengler*, No. 1:11-cv-450, 2013 WL 1149289, at *5 (D. Idaho Mar. 19, 2013).

The State also misunderstands the way in which pre-*Ramirez* law has shaped the litigation to date. In his motion for additional briefing, Mr. Hairston pointed out that *Ramirez* appears to allow federal courts to consider evidence presented in

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 5**

untimely state post-conviction proceedings, even while it bars petitioners from developing the same material in the United States district courts in the first instance. *See* Dkt. 303-1 at 3. As a result, Mr. Hairston explained that it would be appropriate for briefing to address the relevance of the evidence he brought in his own defaulted state post-conviction matters. *See id.* Disagreeing, the State insists that Mr. Hairston "had every opportunity to make that argument earlier and tactically chose, instead, to rely on new evidence never presented to the state courts." Dkt. 304 at 8.

What the State forgets is that it was heretofore settled precedent that drove such "tactics." For eight years, unambiguous Ninth Circuit law sanctioned the development of facts in federal court under *Martinez*. *See* Dkt. 303-1 at 2. Why would Mr. Hairston have limited his argument to the state-court record when the Ninth Circuit had signaled that he didn't have to? The State does not and cannot dispute Mr. Hairston's account of Ninth Circuit law, and it has no answer to his question. Surely it was reasonable for Mr. Hairston to rely on published Ninth Circuit authority. And surely it would not be reasonable now to punish Mr. Hairston for failing to anticipate that the Supreme Court would "gut[] *Martinez*'s . . . core reasoning" only ten years after deciding it. *Ramirez*, 142 S. Ct. at 1740 (Sotomayor, J., dissenting).

In an equally unfounded criticism, the State takes issue with Mr. Hairston's request to reevaluate under *Ramirez* the *Martinez* claims he previously selected for

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 6**

pursuing. *See* Dkt. 304 at 8–9. According to the State, Mr. Hairston's "argument lacks merit because it must be assumed that Hairston has followed Supreme Court precedent and already winnowed out weaker" issues. *Id.* That's exactly right— Mr. Hairston did follow Supreme Court precedent, and he did winnow out the weaker issues. The problem is that there is a new precedent, and thus new factors determining which claims are strong and which are weak. Mr. Hairston prosecuted this action with an eye to *Martinez* and the constructions placed upon it by the well-founded decisions of the Ninth Circuit. That meant that the strongest claims were the ones supported by the best available evidence, regardless of whether the facts had been offered in state court or not. Now, the strongest claims might well be the ones most closely tethered to existing state-court records. When the law evolves, so does an intelligent winnowing process, and *Ramirez* briefs would reflect as much.

The State weakly tries to distinguish similarly situated capital habeas proceedings in which the Ninth Circuit and this Court did precisely what Mr. Hairston is asking for now and elicited briefs on *Ramirez*. *See* Dkt. 304 at 9–10. Its purported distinction flows from the fact that "the state asserts [Mr. Hairston] has failed to even meet the *Martinez* gateway." *Id.* at 11. As just noted, though, it is in *every* case possible to deny relief without applying *Ramirez*, if the Court were to simply conclude that the petitioners' claims failed under the earlier state of the law. Indeed, in the two cited cases the district court did reject the *Martinez* claims

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 7**

under pre-*Ramirez* law. *See Lee v. Ryan*, D. Ariz., No. 2:04-cv-039, Dkt. 138, at 14; *Jones v. Schriro*, D. Ariz., No. 2:01-cv-384, Dkt. 255, at 15–16. Thus, in both of the cited cases, the Ninth Circuit *could* affirm for the same reasons as the district judge. And yet instead of shortchanging the adversarial process by assuming the outcome, the Ninth Circuit instead took measures to ensure that a significant new decision was adequately presented by the parties. The same measures are appropriate here.

In a last-ditch attempt to avoid meaningful briefing on *Ramirez*, the State stresses the age of Mr. Hairston's case. *See* Dkt. 304 at 11–12. As an initial matter, the State has no authority for the proposition that Mr. Hairston's legal rights have somehow diminished with time. The habeas petition at issue here is Mr. Hairston's first. His claims merit the same level of judicial care and scrutiny as any other petitioner's.

It is also inaccurate for the State to lay the longevity of the case entirely at Mr. Hairston's feet. After extensive litigation here, Mr. Hairston's habeas proceedings were on appeal at the Ninth Circuit when *Martinez* was handed down, greatly moving the goalposts and leading the State to successfully move for a remand in 2013. *See* Dkt. 209. On remand, following extensive briefing, this Court declined to apply *Martinez* on the ground that Mr. Hairston's ineffectiveness claim was not adequately pled in his petition. *See* Dkt. 239. The Ninth Circuit disagreed on appeal based on another full round of briefs and remanded for further

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 8**

proceedings under *Martinez*. See Dkt. 246. That occasioned yet more briefing here.

Mr. Hairston does not fault the State or the courts for the decisions that led to the two remands. Nor does he fault the State or the courts for the time it took for lengthy and complex briefs and opinions to be prepared. But neither is that fault his own. All of the participants in this case have engaged in a good-faith effort to ensure that Mr. Hairston's serious constitutional claims receive the searching scrutiny appropriate in a capital matter. The fact that such an undertaking takes everyone a substantial amount of time is no reason to switch courses now and act with unnecessary haste.

Simply put, the State's interest in "a speedy and final resolution of the litigation," Dkt. 304 at 12, does not outweigh Mr. Hairston's—and the Court's—interest in seeing the claims properly and fairly resolved under the current state of the law. To vindicate that interest, *Ramirez* briefs are necessary, and the motion should be granted.

Respectfully submitted this 25th day of July 2022.

>  */s/ Jonah J. Horwitz*
>  Jonah J. Horwitz
>
>  */s/ Mary E. Spears*
>  Mary E. Spears
>
>  Attorneys for Petitioner James H. Hairston

REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which is designed to send a Notice of Electronic Filing to persons including the following:

L. Lamont Anderson
lamont.anderson@ag.idaho.gov

/s/ *Heidi Thomas*
Heidi Thomas

**REPLY IN SUPPORT OF MOTION FOR BRIEFING ON *RAMIREZ* - 10**